UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ANGEL ESTEVAN RUBIO SANTOS | * | CIVIL ACTION<br>NO. 19-00545 |
| VERSUS | * | |
| | | SECTION: J(4) |
| BP EXPLORATION & PRODUCTION | * | |
| INC. and BP AMERICA PRODUCTION | | JUDGE BARBIER |
| COMPANY | * | |
| | | MAG. JUDGE ROBY |
| Related to:   12-968 BELO | * | |
| in MDL No. 2179 | | |

## **ORDER & REASONS**

Before the Court is Plaintiff's Motion to Stay Proceedings. (Rec. Doc. 18).[1] The Court denies the motion for the reasons briefly stated below.

This is an action for personal injuries brought pursuant to the Back-End Litigation Option ("BELO") provisions of the *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement ("Medical Settlement").[2] Plaintiff claims he was injured by exposure to oil and/or chemical dispersant while performing oil spill

---

[1] Plaintiff represents that the motion is "unopposed." A footnote to the motion states:

> A meet and confer was held with Devin Reid, defense counsel for BP, and at this conference it was confirmed that BP takes no position on this Motion – as a result it is filed as unopposed. The BP Parties have not conceded that Plaintiff's alleged additional LMPCs comply with or satisfy the requirements under the MSA. Similarly, the BP Parties have not conceded that it is appropriate to amend the complaint and/or consolidate the additional LMPCs. BP states that it will require further information to take a position on such a request once made.

 (Rec. Doc. 18 at 1 n.1).

[2] A copy of the Medical Settlement can be found in the *Deepwater Horizon* MDL master docket, No. 10-md-2179, Rec. Doc. 6427-1 (E.D. La.). This order assumes the reader's familiarity with the Medical Settlement and the BELO process.

cleanup. His complaint alleges he was diagnosed with chronic conjunctivitis and chronic sinusitis on September 17, 2013. (Rec. Doc. 1 ¶ 27). He eventually filed a Notice of Intent to Sue ("NOIS") on these conditions with the Medical Settlement. On July 27, 2018, the Claims Administrator issued a Notice of BP's Election Not to Mediate, meaning Plaintiff had six months to file a BELO lawsuit on these conditions. (*Id.* ¶ 29). On January 25, 2019, Plaintiff filed this action.

The case proceeded through the Initial Proceedings Case Management process (*see* Rec. Doc. 3), after which the Court issued a scheduling order on November 25, 2019 (Rec. Doc. 15). The scheduling order set multiple deadlines, including July 1, 2020 for Plaintiff to produce his expert report.[3] Plaintiff filed the instant motion on June 26, 2020, less than a week before the expert report deadline. (Rec. Doc. 18).

Plaintiff's attorney is the Downs Law Group ("Downs"), which represents many other BELO plaintiffs. Downs recently moved for an extension of all deadlines in at least three other BELO cases with scheduling orders identical to this one. Those motions argued the COVID-19 pandemic made compliance with the Court's deadlines, and particularly the expert report deadline, difficult. The Court denied the motions. (No. 19-2508, Rec. Doc. 29; No. 19-10513, Rec. Doc. 22; No. 19-10146, Rec. Doc. 17). While the timing of the instant motion relative to the expert report deadline feels familiar, it raises a different argument. Plaintiff states that he submitted a new NOIS to the Claims Administrator on June 8, 2020 that asserts two new medical conditions, allergic rhinitis and gastritis. (Rec. Doc. 18-1 at 6, 18-3 at 9). Plaintiff

---

[3] Trial is set for October 26, 2020.

states he will seek to amend his complaint to add these purportedly new conditions once the NOIS process is complete. Therefore, Plaintiff urges the Court to stay this case, including all pretrial deadlines, so that all issues may be resolved in one action.

The Court finds that Plaintiff is not entitled to a stay. Although Plaintiff asserts that he has "demonstrated due diligence in prosecuting this case" (Rec. Doc. 18-1 at 5), the record reflects the opposite. Notably, Plaintiff was diagnosed with the purportedly new conditions on April 19, 2018 (Rec. Doc. 18-3 at 9), over two years before Plaintiff submitted the NOIS for those conditions (June 8, 2020) and moved for a stay (June 26, 2020). (Rec. Doc. 18-1 at 6). This is a remarkable delay considering (1) Plaintiff's first NOIS was pending with the Claims Administrator at the time of his 2018 diagnosis (showing that Plaintiff was not only aware of the NOIS/BELO process, but was actually pursuing a BELO claim at that time), and (2) Plaintiff filed this BELO case on January 25, 2019, nearly a year and a half ago. This timeline makes Plaintiff's present arguments—presented only five days before the expert report deadline, a critical deadline in a case like this[4]—ring hollow. In short, the Court will not permit Plaintiff to use his own delay as leverage to obtain a stay of these proceedings.

Accordingly,

IT IS ORDERED that Plaintiff's Motion to Stay Proceedings. (Rec. Doc. 18) is DENIED.

---

[4] *See, e.g.*, *Torres v. BP Expl. & Prod. Inc.*, No. 18-12652, 2020 WL 2197919 (E.D. La. May 6, 2020) (holding that expert testimony is required to prove causation in BELO cases).

New Orleans, Louisiana, this 9th day of July, 2020.

_____
United States District Judge